IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STACEY PITTS for
JOANNA I. PITTS,
     Plaintiff,

vs.                              Case No. 5:07cv293/RS/EMT

MICHAEL J. ASTRUE,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause was initiated by the filing of Plaintiff's complaint on December 19, 2007 (Doc. 1), in which Plaintiff seeks review of Defendant's final administrative decision denying her claim for disability benefits. Now before the court is Plaintiff's Motion to Dismiss Complaint, in which Plaintiff certifies that Defendant has no objection (Doc. 16).

Federal Rule of Civil Procedure 41(a)(1) provides that an action may be dismissed without an order of the court (i) by filing a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper."

In the instant case, Defendant has filed an answer (Doc. 11), and Plaintiff's motion to dismiss is not accompanied by a signed stipulation of dismissal; therefore, dismissal pursuant to Rule 41(a)(1) does not appear appropriate. However, the court finds dismissal pursuant Rule 42(a)(2) to be appropriate, as Plaintiff has indicated that she no longer wishes "to proceed with her complaint," and Defendant has no objection to a court-ordered dismissal (*see* Doc. 16).

Accordingly, it is respectfully **RECOMMENDED**:

1.       That Plaintiff's Motion to Dismiss (Doc. 16), be **GRANTED** and this action be **DISMISSED without prejudice**.

2.       That the clerk of court be directed to close the file.

At Pensacola, Florida this 22nd day of July 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**